Hess v. Mid Hudson Valley StaffCo LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> JANE A. RESTANI,
> *Judge.*[*]

—————————————————————

MARY HESS,

> *Plaintiff-Appellant*,

> v.                                                                          No. 18-2747-cv

MID HUDSON VALLEY STAFFCO LLC,

> *Defendant-Appellee.*

—————————————————————

*For Plaintiff-Appellant*:                    MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

*For Defendant-Appellee*:  BRIAN J. CLARK, (Allison B. Gotfried, on the brief), VENABLE LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Mary Hess appeals from a judgment of the United States District Court for the Southern District of New York entered on August 31, 2018, granting Mid Hudson Valley StaffCo LLC's ("StaffCo") motion for summary judgment on her employment discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Hess argues she presented evidence of ageism which demonstrated that but-for her age she would not have been terminated. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments presented on appeal.

We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001). We will affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Hess's assertion that she offered evidence of ageist comments demonstrating that she was terminated due to her age is unavailing. The district court properly granted StaffCo's motion for summary judgment.

2

We analyze an age discrimination claim under the burden-shifting framework in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–03 (1973).[1] To prevail on such a claim, the plaintiff must establish by a preponderance of the evidence that age discrimination was the but-for cause of the challenged adverse employment action. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

Assuming, *arguendo*, that Hess established a *prima facie* case of age discrimination, StaffCo articulated a legitimate, non-discriminatory reason for her termination—Hess's poor performance, during a concentrated period of time, which posed risks to patient safety and confidentiality. StaffCo's proffered explanation was supported by evidence of Hess's performance issues, including one instance when a fax signed by Hess containing confidential information for two patients was faxed to an unauthorized local business and several other incidents involving chart documentation. Hess, moreover, does not dispute that those incidents occurred; rather, she takes issue with how those events are described, or whether she had a valid excuse for her behavior. The evidence in the record that Hess argues demonstrates pretext—remarks made by her supervisor and manager—without more, fail to demonstrate a discriminatory animus. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks alone do not support a discrimination

---

[1] "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Stafety*, 764 F.3d 244, 251 (2d Cir. 2014).

suit.") (internal quotation marks omitted).  Consequently, the district court properly

granted StaffCo's motion for summary judgment.

The court has considered Hess's other arguments and finds them to be without

merit.  Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court